[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Joseph Carrah, the plaintiff in this case, was an administrator employed by the City of Waterbury. He resigned in February 1991 and is suing for what he claims to be accrued vacation leave, sick leave, and longevity pay. The City has filed a motion to dismiss claiming failure to exhaust administrative remedies. For the reasons set forth below, this motion must be denied.
The City relies on a document called "Management Personnel Policies" attached to its motion. This document is not contractual in nature; it is a pronouncement of management. It is signed by "Joseph R. Carrah, Administrator," but apparently in his capacity as promulgator of the document. Appended to the document is an unnumbered page entitled "Grievance Procedure for Staff." It begins, "If a staff employee has a complaint, the employee shall. . .submit the complaint in writing to the Administrator." The "Administrator" is identified at the bottom of the page as "Joseph R. Carrah."
This is not a case like Short v. New Milford Police Department, 212 Conn. 294, 562 A.2d 7 (1989), involving a collective bargaining agreement (or any other contract requiring the arbitration of grievances). See id. at 298-99 n. 5, 304. Whatever may be the contents of the City's union contracts, there has been no suggestion that Carrah signed any contract requiring him to submit to such a procedure. Moreover, the particular grievance procedure here applies to "staff employee[s]." This term is not defined, but it is obviously used in contradistinction to the term "Administrator." Carrah was the "Administrator." He could hardly be expected to submit a complaint about himself to himself.
The court concludes that the grievance procedure submitted to it by the City does not apply to the plaintiff and that he consequently has no administrative remedies to exhaust. The motion to dismiss must therefore be denied. CT Page 814
Dated at Waterbury this 6th day of January, 1992.
JON C. BLUE, JUDGE OF THE SUPERIOR COURT.